

[J-10-2018] [MO: Donohue, J.]
IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

| | |
|---|---|
| IN RE: A.J.R.-H. AND I.G.R.-H.<br><br>APPEAL OF: K.J.R., MOTHER | : No. 38 MAP 2017<br>:<br>:<br>: Appeal from the Order of Superior<br>: Court at No. 1564 MDA 2016 dated<br>: May 1, 2017 Affirming the Decree of<br>: the Berks County Court of Common<br>: Pleas, Orphans' Court, dated August<br>: 23, 2016 at Nos. 84695 and 84696.<br>:<br>: ARGUED: March 6, 2018 |

## CONCURRING OPINION

**JUSTICE MUNDY**                                               **DECIDED: July 18, 2018**

I join that portion of the Majority Opinion that holds Berks County Children and Youth Services ("CYS") failed to establish the prerequisites for admissibility of the 167 exhibits the orphans' court admitted under the business records exception to the hearsay doctrine. I write separately to emphasize that the exhibits may indeed have been admissible had the proper foundation been established.

The Uniform Business Records as Evidence Act, 42 Pa.C.S. § 6108(b), codifies the following exception to the rule against hearsay.

### § 6108. Business records

. . .

**(b) General rule.**--A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information,

method and time of preparation were such as to justify its admission.

42 Pa.C.S. § 6108(b). Further, Pennsylvania Rule of Evidence 803 provides the following.

**Rule 803. Exceptions to the Rule Against Hearsay--Regardless of Whether the Declarant Is Available as a Witness**

The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:

. . .

**(6) Records of a Regularly Conducted Activity.** A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if:

(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(6).

Accordingly, to properly admit an exhibit under the business records exception, the abovementioned factors must be met. As noted by the Majority, this Court addressed this question in *In Re Involuntary Termination of Parental Rights (Jones)*, 297 A.2d 117 (Pa. 1972), where we held "[w]e cannot invoke the 'business records' exception, though it may be factually applicable, because the record is void of the necessary accompanying

evidence respecting the reliability of the source of information from which the 'facts' are drawn. Without evidence of the sources of information and the time and manner of preparation, the 'business records' exception does not apply." *Id.* at 117. Similarly, the record here is bare of any foundational support for the admission of the exhibits under the business records exception. Rather, in response to an objection, the orphans' court queried CYS regarding the admission of the exhibits pursuant to the business records exception, and CYS merely responded that the proffered evidence met the exception. However, CYS failed to explain how or when the records were prepared, and how they were maintained. Nor did CYS attempt in any meaningful way to satisfy the prerequisites of the business records exception. Nevertheless, the orphans' court allowed all 167 exhibits to be admitted in bulk as a business record simply because they were contained in the CYS file.

Beyond this fundamental and dispositive holding, I find it unnecessary, for the purpose of our instant review, to dissect the contents of the 167 exhibits and the information contained in them. Because they were not prepared by the testifying witnesses, and CYS laid no foundation with regard to the mode of preparation, they were inadmissible. The failure to properly establish the admissibility of the documents as business records ends our inquiry.

I am sympathetic to the necessity of utilizing the business records exception in termination cases due to the length of time such cases can last, the various agencies typically involved, and the inevitable turnover of personnel within the agencies. This is the purpose of the business records exception, and in this case the very documents we hold inadmissible may be admissible with proper foundation. However, more than merely stating the documents are business records is necessary prior to their admission into

evidence. Accordingly, I agree with the Majority that the trial court abused its discretion in admitting the 167 exhibits.

Finally, although it is possible that in a future case with a similar set of facts, a business record admitted without the proper foundation may be deemed harmless error, in the instant matter, the sheer volume and comingling of testimony with references to the 167 exhibits, precludes a harmless error finding. Each of the witnesses who testified had first-hand knowledge of Mother, Father, and the Children. However, each witness testified to information based on the documents which were not properly admitted. Furthermore, the trial court stated its findings were based on the testimony and exhibits entered into evidence. Because of the overwhelming consideration given to the inadmissible exhibits, a finding of harmless error is inappropriate in this case.

Justice Dougherty joins this concurring opinion.